# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2142

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of South Dakota. |
| David Lynn Brandis, also known as | * | |
| "Chip" Brandis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 19, 1999

Filed:  October 25, 1999

_____

Before BOWMAN, LAY, BEAM, Circuit Judges.

_____

PER CURIAM.

David Lynn (Chip) Brandis was charged in a superseding indictment with one count of conspiracy to distribute marijuana, one count of distribution of marijuana, one count of possession with intent to distribute marijuana and one count of forfeiture pursuant to 21 U.S.C. § 853(a).  These charges arose out of drug commerce on the Rosebud Sioux Indian Reservation.

In pretrial motions, Brandis sought to preclude the United States from presenting evidence from cooperating witnesses and sought to suppress evidence seized when an arrest warrant was served at his home. After the court overruled the evidentiary motions, Brandis entered a conditional plea of guilty to all counts and now appeals. We affirm.

Brandis's claim concerning the admissibility of testimony of cooperating witnesses is based upon a purported violation of 18 U.S.C. § 201(c)(2). This violation, he states, occurred when the government offered a plea agreement in exchange for trial testimony. At the time asserted, such claim had been validated by a favorable ruling by a panel of the Tenth Circuit in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998). However, that court, en banc, subsequently vacated the panel opinion and overruled its holding. See United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999) (en banc). We have also squarely rejected this argument. See United States v. Albanese, No. 99-1078, slip op. at 8-10 (8th Cir. Oct. 5, 1999).

Brandis advances two additional contentions, both of which involve primarily fact-bound claims. First, he argues that the government violated "knock and announce" requirements that have been imposed under the jurisprudence of the Supreme Court and this court. This occurred, he says, when the warrant for his arrest was served at approximately 8:00 A.M. at his place of residence without a proper "announcement." He apparently concedes that a "knock" occurred. This, Brandis contends tainted all the evidence seized. The government, of course, presented evidence that it both knocked and announced its presence and its purpose before entering the premises.

Second, Brandis alleges that the district court erred in its adoption, for sentencing purposes, of the base offense level for the crimes charged. He also contends that the evidence does not support, under applicable law, a two sentencing point addition for obstruction of justice.

As we have indicated, these issues raise mainly fact questions. A district court's determination of fact, especially for sentencing purposes, is reviewed for clear error. See United States v. Ayers, 138 F.3d 360, 363 (8th Cir.), cert. denied, 119 S. Ct. 219 (1998). And, assessments of credibility made in conjunction with factual determinations are "'virtually unreviewable on appeal.'" United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (quoting United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992)).

We have carefully reviewed the record in this case and find that the findings and conclusions of the district court are well supported by the evidence presented and the law applicable to the issues advanced. We see no purpose in restating at length the district court's analysis and further conclude that a detailed opinion discussing these issues would not be of significant precedential value.

Accordingly, we affirm this case on the well-reasoned holdings of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.